excuse me, oral argument side. Ms Schroeder for t Good morning. Good mornin court. My name is Kelly S for the plaintiff's appell for John Stafford and U.S. I would like to reserve th please. All right. Um I h is that Stafford's claim i insurance policy. The seco limitations. And the thir the first we don't need t and third. Is that correc your honor. Thank you. Wo that that your argument i it benefit the court to h about? Well we know the f you don't have to go back you think you need to to the facts of the case and claim was covered by the The insurance policy cove Personal injury was defi a person's or an organiza services. That's got to b defendant in the underlyi your honor. So it could b to be on the part of the Klein. So the allegations have one of these insuranc for certain kinds of acti liability for certain kin on the part of the covere the covered person. Yes, your question. So the cov that the insured Stafford another person's organiza services, which are the b against the covered person  wasn't against wasn't aga against Stafford, the cou claim that's at issue her the jewelry company in Ne Stafford made false state or Brinks lost or stole t false statements are publi to bring services and dis services and that's why t That wasn't the crux of t Well, why they were suing correct doing because of of the suit was that john Julius Klein for the loss for losing or stealing th of the counterclaim was t were made by john Stafford You have to explain a lit do need some facts. Okay. how I thought the counter Okay. So that's what I th though the policy might c and that kind of thing. U for was fraud. Isn't that one, your honors, I would was no title to the count claim based on what was d claim was was an allegatio isn't isn't that really w claim was about could be, the way it could be. But on it? Was that a fraud c Um, certainly it could be position? My position is policy, the insurance cov claim, whether it be frau any other cause of action false misrepresentation o organizations or services was covered under the ins you can proceed with your the second point is that is not barred by the stat There is a four year stat Ohio law for bad faith. T in February 2011. That is insurance company denied on your behalf agreed not company's coverage positi 17 2007 letter and confir does not intend to pursue that's not what the agree the parties. During the l agreed, john Stafford and at a later date. There is It's confirmed by the ins attorney. That's very big honors that Stafford coul when he did do that in fe insurance company denied That was a falsehood. Tha and that was bad faith. S occurred in February accr It was timely. The last p to make is that rest judi Stafford's claims. I thin dispute between the parti as to whether Ohio law of or federal law of rest jud submit that Ohio applies, don't think the claims ar litigation, which ended i or could have litigated h the bad faith did not occ of 2011. Therefore, the c Those are the three major to make. Does the panel h Apparently not. Okay. Tha mutual insurance company i think it is quite plain f and from the extended and was one for fraud and for very important in this ca that was issued by jewele specific insuring agreeme The policy promises to pa obligated to pay as damag injury, close quote, or a to which this insurance a part that has to spare. I opposing counsel, at leas that there's disparagement under one of those dispar injury in the policy. And I address that particular the one she focused on to is not included in the de as injury and I'm omitting disparagement. However, t because that's not what's also an allegation of disp disagreeing with that. I' answer because the fraud to J. K. D. Disparagement defamation publication to has to, it has to, it's n be an element of a dispar That is correct. Your hon in the counterclaim is th made false representations of a fraud of some sort. in the counterclaim. That the basis that the covera proceed from in 2000 and 7 about, you know, just pur disparagement. If you did third party, almost any f be a disparagement claim. Disparagement is really a a defamation claim. They elements, they have very And I think that the dist analyze that in this case there were no unprivileged parties. That's the crux And so what we're dealing and short of it alleged l the plaintiff to the defe filed a counterclaim basi images that resulted to t those misrepresentations. Fraud is not one of the i that is included in the d injury and as a consequen by the jewelers policy. U why it should not be cove is the fact that fraud is There's an Ohio public po for intentional torts. So with the plain language o and the policy support th which was the correct fin Um, and I think the court as it did the district co this is a denial of um, d that underlies the bad fa in this case as well. If there can be no bad faith to address the bad faith the appellant in this cas is precluded both by the and by race judicata in t one, the um, statute of l four years begins running insureds advised there is letter was sent to the ins 17th of 2000 and seven. U september of 2000 and seve company said there's no c duty to defend this count two months later after the discussions between counc Council and the council f is an agreement that Mr S his tender of the defense withdraw it. There is a s we're going to, we are no coverage at this time. Bu we're not pursuing this t tender completely. Once t there's no obligations on company. Um, even if one to view the repeated requ additional request to loo a tender, it does not ret limitations. Otherwise, t would be meaningless. Um, of the arguments that were in the brief, this was, t promise, not an affirmati mutual to do anything. Th basically confirmed Mr Sta you're telling us, you're not pursuing these claims your tender and whatever other claims that were ex mutual at the time in the under the first party porc This isn't to the prejudi we'll go ahead and we'll but we're not going to do That was the sum and subs ongoing litigation at tha had the option and could any issues he thought he mutual then and there. He that they were, they were the defense or any indemn counterclaim. Um, he knew had been put into it. So it was not properly done he had the opportunity to any bad faith. Um, and he after the, after the case didn't within the statute bad faith. It's simply be that is our position on t No, it seems not. Thank y So just a couple of point has argued that the fact and perhaps the parties c claim to be one for fraud litigation and that preclu is not true. If you look offense based coverage, y based coverage focuses on the claim and not on the of action. In this case, counterclaim. I'm not sur pardon me for interrupting their argument is that if you can't have alleged an the argument is that there of anything else. Um, tha under the contract, under Certainly. And you argue says there's not disparag else? Or there is dispara one. Why doesn't her argu has to refer to a third p not disparagement. I woul a couple of things to say is a tort of disparagement that's recognized under O it is or isn't, the polic to be a publication. And there was, there is ample the record of a publicati made these statements to, any fraud allegation beca to the person who's suing I would agree with that a So it covers fraud. It ju Yes. Yes. Thank you. Abso reading though. Well, it' is, is the, the insurance it says. If they wanted t they could have done. So it included all fraud? Ab your honors. We request t the decision of the distr